# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DONOVAN L. WALKER-HALL,

                Plaintiff,

v.

DR. JUSTIN S. RIBAULT, RN MCCOLLUM, HSU MANAGER KRISTIN VASQUEZ, ASST HSU MANAGER TRAVIS BRADY, RN BRITTANY, RN JULIE, RN LEAH, and RN AMY,

                Defendants.

Case No. 24-CV-214-JPS

**ORDER**

    Plaintiff Donovan L. Walker-Hall, an inmate confined at Racine Correctional Institution ("RCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights by denying him adequate medical treatment. ECF No. 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

### 1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

    The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On March 7, 2024, the Court ordered Plaintiff to pay an initial partial filing fee of $18.87. ECF No. 6. Plaintiff paid $18.00 on April 5, 2024.[1] The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No 4. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

2.  **SCREENING THE COMPLAINT**

    2.1  **Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim

---

[1] [1] The Court acknowledges that Plaintiff's initial partial filing fee was $0.87 short. The Court will not, however, delay Plaintiff's case for this relatively small amount; it has accounted for this discrepancy in the calculations below for the remainder of the filing fee due.

has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff names Defendants Justin S. Ribault, MD ("Ribault"), RN McCollum ("McCollum"), HSU Manager Vasquez ("Vasquez"), Asst. HSU Manager Travis Brady ("Brady"), RN Brittany ("Brittany"), RN Julie ("Julie"), RN Leah ("Leah"), and RN Amy ("Amy). ECF No. 1 at 1. In May 2022, Plaintiff had to be sent to a hospital emergency room for a sickle cell crisis. *Id.* at 4. On May 19, 2023, the attending emergency room physician noted that Plaintiff had previously had multiple hospital admissions for a sickle cell crisis for back and leg pain that is typical in this sort of crisis. *Id.* The progress notes of APNP Diana L. Simmons provide that Plaintiff informed her that he typically takes oxycodone for his pain and that his last attack had been approximately two months earlier when he received PRBCS at a hospital in Milwaukee. *Id.* at 5. The May 31, 2022 progress notes show that Plaintiff was being treated with morphine for his break-through

pain. *Id.* Dr. Laura Sukowaty ("Sukowaty") stated that she would put in a "Class III Chronic Opioid Use." *Id.*

Sukowaty's June 8, 2022 progress notes show that she prescribed Plaintiff T#3 along with a short course of morphine to see if they could get Plaintiff's pain related to his sickle cell crisis under control. *Id.* On May 28, 2022, Plaintiff was seen at UW Health Hematology for his sickle cell disease with crisis. *Id.* Plaintiff's pain was managed with Dilaudid PCA and the hematology team was consulted for further management of his sickle cell condition. *Id.* Once Plaintiff's pain improved, he was transitioned to oral pain medication. *Id.*

On June 19, 2022, at 7:01 p.m., Plaintiff had to be seen at Waupun Memorial Hospital for sickle cell crisis, low back pain, constant aching/moderately severe. *Id.* Plaintiff was treated with 2mg Dilaudid and given another dose of Dilaudid IV times one. *Id.* Plaintiff's diagnosis was low-back pain, hip and knee pain, sickle cell disease, and anemia. *Id.* Once Plaintiff was stable, he was discharged back to the institution. *Id.* at 5-6.

On July 6, 2022, Plaintiff had to be transported off-site to Waupun Memorial Hospital for sickle cell crisis intervention and back pain related to the crisis. *Id.* at 6. On October 3, 2022, Plaintiff was admitted to Aurora Health Emergency Room for sickle cell crisis and was discharged on October 12, 2022. *Id.* Plaintiff was administered two units of PRBC transfusion during admission and provided a long-acting morphine to return to the prison as well as a very short course of short-acting narcotic. *Id.*

On January 15, 2023, Plaintiff was admitted to Aurora Health for acute sickle cell crisis and chronic anemia from sickle cell crisis. *Id.* Plaintiff was discharged on January 24, 2023. *Id.* Plaintiff had been treated with

OxyContin, IV Toradol, multiple doses of Dilaudid, IV fluid hydration, and empiric antibiotics. *Id.* Following discharge, Plaintiff was to follow up with RCI's primary care physician and to continue the long-acting morphine as well as a short course of oxycodone. Ribault refused to follow the specialist's directed course of treatment. *Id.*

On February 19, 2023, Plaintiff was admitted to Aurora Health Care with acute chest syndrome due to sickle cell crisis. *Id.* at 7. Plaintiff was admitted with complaints of sickle cell crisis and right-side chest pain and jaw pain. *Id.* The hospital noted that Plaintiff had previously been admitted in January for sickle cell crisis and pneumonia. *Id.* Plaintiff was treated with IV fluids, IV medications, hemoglobin of 8.7, and was transfused with one pack of red blood cell unit to maintain hemoglobin above 8. *Id.* Plaintiff was discharged on February 21, 2023. *Id.*

On May 19, 2023, Plaintiff was admitted to Aurora Health Care for sickle cell crisis and the hospital again noted his previous admissions. *Id.* Plaintiff was discharged back to RCI with a recommendation to have close follow-up care by the primary care physician. *Id.* On May 23, 2023, Plaintiff was discharged from Mt. Pleasant Hospital but was readmitted only four days later for sickle cell crisis. *Id.* Plaintiff was admitted for a blood transfusion and pain control. *Id.* On June 11, 2023, Plaintiff was admitted to Mt. Pleasant Hospital/Aurora Health Care through the emergency room for sickle cell crisis. *Id.* at 8. Plaintiff told the emergency room attendant that he had been taking hydroxyurea, which is supposed to lesson Plaintiff's sickle cell crisis. *Id.*

From June 2023 until December 202, Plaintiff had to be admitted to off-site hospitals after emergency room trips due to experiencing continuous and ongoing sickle cell crisis with break-through pain. *Id.*

Plaintiff signed a "Chronic/Acute Opioid Use Pain Management Agreement." *Id.* Sukowaty is an Associate Medical Director and makes decisions as the chair of the Class III Committee that reviews Chronic/Acute Opioid Use requests. *Id.* The Wisconsin Department of Corrections ("DOC") created classifications for medical and surgical conditions: Class I is emergency care; Class II is urgent care; Class III is non-urgent, medically acceptable care; and Class IV is elective non-covered care services. *Id.* at 8-9. A Class III condition is a non-urgent condition that does not represent a significant threat to the inmate's general medical health and is not likely to pose a threat in the foreseeable future. *Id.* at 9. Plaintiff believes his condition does not fall in the Class III category. *Id.* Instead, Plaintiff believes his sickle cell anemia falls in the Class II urgent care category because his condition can lead to death. *Id.*

Defendants, and specifically Defendants McCullum and Ribault, have repeatedly and continuously been deliberately indifferent to Plaintiff's break-through pain. *Id.* Ribault and McCullum have determined it is not medically necessary to treat Plaintiff's break-through pain associated with his sickle cell crisis. *Id.* They contend that hydroxyurea is sufficient to treat Plaintiff's condition even though it is not used to manage pain. *Id.*

Ribault and RCI nursing defendant have repeatedly failed to provide accurate information to the off-site hospitals; they state that Plaintiff is receiving pain medication even though he does not receive anything for his break-through pain. *Id.* at 10. The hospital physicians repeatedly recommended that Plaintiff be provided with long-term and short-term opiates as break-through pain management for his sickle cell anemia crisis.

*Id.* Plaintiff's condition has worsened, and his eyes and skin have jaundiced due to Defendants ignoring a known risk to Plaintiff's health. *Id.*

Plaintiff notes that while it may appear that he is receiving continuous care at RCI, he is not receiving care from Defendants; instead, his is having to be repeatedly taken to the emergency room for blood transfusions and stabilization. *Id.* at 11. Plaintiff maintains that no medical professional would deny a patient with his history pain medication. *Id.* Ribault has not submitted a request to the Class II Committee, chaired by Sukowaty. *Id.* Ribault and Defendants RCI nursing staff have decided the recommendations of the off-site providers were not appropriate. *Id.* Plaintiff has repeatedly told Defendants that the hydroxyurea in ineffective in treating his pain, but Ribault refuses to provide appropriate pain medication. *Id.* at 12.

### 2.3 Analysis

The Court finds that Plaintiff may proceed against Ribault, McCollum, Vasquez, Brady, Brittany, Julie, Leah, and Amy on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical need. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834

(1994) (internal citations omitted)). "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The length of delay that is tolerable "'depends on the seriousness of the condition and the ease of providing treatment.'" *Id.* (quoting *McGowan*, 612 F.3d at 640).

At the screening stage, the Court finds that Plaintiff's allegations are sufficient to proceed against Ribault, McCollum, Vasquez, Brady, Brittany, Julie, Leah, and Amy. Plaintiff alleges severe pain associated with sickle cell crisis and that these defendants failed to provide him adequate treatment. As such, Plaintiff may proceed against Ribault, McCollum, Vasquez, Brady, Brittany, Julie, Leah, and Amy on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical needs.

3.  **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment claim against Ribault, McCollum, Vasquez, Brady, Brittany, Julie, Leah, and Amy for their deliberate indifference to Plaintiff's serious medical need.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises

all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 4, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on **Defendants Ribault, McCollum, Vasquez, Brady, Brittany, Julie, Leah, and Amy**;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)).

Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $332.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.